

# NUMBER 13-08-00356-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**DONIEL MILLER,**                                                                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                           **Appellee.**

---

**On appeal from the 319th District Court of Nueces County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Justice Yañez**

Pursuant to a plea agreement, appellant, Doniel Miller, pleaded guilty in 1998 to the first-degree felony offense of aggravated sexual assault of a child.[1] The trial court deferred adjudication and placed appellant on community supervision for ten years. The State filed several motions to revoke, but appellant remained on community supervision until 2008.

---

[1] *See* TEX. PENAL CODE ANN. § 22.021 (Vernon Supp. 2008).

In April 2008, the State filed a motion to revoke, alleging several violations of the terms of his community supervision. Appellant pleaded "true" to some of the violations, and "not true" to others. Following a hearing, the trial court adjudicated him guilty and sentenced him to twenty years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice. Appellant appeals the revocation of his community supervision.[2]

Appellant's appellate counsel, concluding that "her review and investigation have revealed no error to bring to this Court's attention," filed an *Anders*[3] brief, in which she reviewed the merits, or lack thereof, of the appeal. We affirm.

## I. DISCUSSION

Pursuant to *Anders v. California*,[4] appellant's court-appointed appellate counsel has filed a brief with this Court, stating that her review of the record yielded no grounds or error upon which an appeal can be predicated. Although counsel's brief does not advance any arguable grounds of error, it does present a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced on appeal.[5]

In compliance with *High v. State*,[6] appellant's counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgment. Counsel has

---

[2] We note that the record contains the trial court's certification, which states that this case "is not a plea-bargain case, and the defendant has the right of appeal." *See* TEX. R. APP. P. 25.2 (a)(2).

[3] *See Anders v. California*, 386 U.S. 738, 744 (1967).

[4] *See id.*

[5] *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.–Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

[6] *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978).

2

informed this Court that she has: (1) examined the record and found no arguable grounds to advance on appeal, (2) served a copy of the brief and counsel's motion to withdraw on appellant, and (3) informed appellant of his right to review the record and to file a pro se response.[7] More than an adequate period of time has passed, and appellant has not filed a pro se response.[8]

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous.[9] We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal.[10] Accordingly, we affirm the judgment of the trial court.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant.[11] We grant counsel's motion to withdraw. Within five

---

[7] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d at 409 n.23 (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

[8] *See In re Schulman*, 252 S.W.3d at 409.

[9] *Penson v. Ohio*, 488 U.S. 75, 80 (1988).

[10] *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

[11] *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)).

days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to appellant and to advise appellant of his right to file a petition for discretionary review.[12]

_____
LINDA REYNA YAÑEZ,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).
Memorandum Opinion delivered and
filed this the 20th day of August, 2009.

---

[12] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006). No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3; 68.7. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.